ESTES v. FERGUSON et al. (No. 7949.)

(Court of Civil Appeals of Texas. Dallas.
April 27, 1918. Rehearing Denied
June 8, 1918.)

1. TRIAL ⚖329—VERDICT—CONFORMITY TO ISSUES.

Where, pursuant to agreement between Q. and E. for exchange of lands, Q. conveyed by direction of E. a tract to plaintiff, and plaintiff was forced to pay for improvements, and brought suit against E. and Q., in which suit E. set up a counterclaim, that, if plaintiff was entitled to recover from him, he was entitled to recoup from Q., a verdict against E. was responsive to the issues, and would support judgment for plaintiff against E., which judgment in addition adjudged that plaintiff take nothing against Q.; a verdict against E. disposing of his counterclaim.

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. APPEAL AND ERROR ⬾1001(1) — JURY FINDING—REVIEW.**

A jury finding supported by evidence will not be disturbed on appeal.

**3. APPEAL AND ERROR ⬾877(4) — PARTIES ENTITLED TO ALLEGE ERROR.**

Plaintiff's right to recover against appellant's codefendant, as well as against appellant, being a matter affecting plaintiff's rights only, appellant cannot complain.

**4. CONTRACTS ⬾100 — MUTUAL MISTAKE — PEREMPTORY INSTRUCTION.**

That the other provisions of a contract are correct, and that the complaining party had ample opportunity to discover omission, is not conclusive on issue of mutual mistake, so as to warrant a peremptory instruction, but a mere circumstance be considered by the jury.

**5. EVIDENCE ⬾433(6) — PAROL EVIDENCE — OMISSIONS IN CONTRACT—MISTAKE.**

Where terms and conditions of a contract have by mutual mistake been omitted, it is competent to show such fact and supply the omission by parol.

**6. TRIAL ⬾260(9) — REQUESTED INSTRUCTIONS—REFUSAL.**

The effect of a charge that, unless the jury believed it was understood between named parties that the improvements were to be reserved, but through mistake or oversight certain provision was omitted, etc., was the same as a refused requested instruction that the omission in the contract must have been by the mutual mistake of the parties, and the jury was not misled by failure to use the word "mutual."

**7. VENUE ⬾22(1) — DEFENDANTS RESIDING IN DIFFERENT COUNTIES.**

Where in compliance with his contract with plaintiff, E. procured Q. with the consent of plaintiff to convey land to plaintiff, E. receiving the consideration, the contract to convey was satisfied by the joint act of E. and Q., and an action for breach of warranty, concerning ownership of improvements, could be brought against both E. and Q. in the county where Q. resided, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 4, providing that suit against two or more defendants may be maintained in the county of the residence of any of the defendants.

Appeal from Hill County Court; R. T. Burns, Judge.

Action by John A. Ferguson against John Estes and another. Judgment against defendant named, and he appeals. Affirmed.

Collins, Morrow & Morrow, of Hillsboro, for appellant. J. Webb Stollenwerck and T. H. Jackson, both of Hillsboro, for appellees.

RASBURY, J. Appellee Ferguson sued R. H. Qualls and John Estes in justice of the peace court to recover $175. Ferguson alleged that prior to the suit appellant, Estes, contracted in writing to convey to appellee Ferguson by general warranty deed certain lands in Hill county then owned by appellee, R. H. Qualls, who had simultaneously in like manner agreed to convey said land to appellant, Estes, or his order, and that subsequent to both contracts appellee R. H. Qualls, by direction of appellant, Estes, conveyed said land to appellee Ferguson by general warranty deed, the consideration therefor being paid to appellant, Estes; that after said conveyance to appellee Ferguson it

transpired that certain improvements on said land were the property of Qualls' son and tenant, and, to prevent their removal by said tenant appellee Ferguson paid the sum sued for, which was their value; that said improvements were permanent fixtures on said land, and that he was, as a consequence, entitled to recover the value thereof from both defendants. In the justice court appellee Qualls answered by general demurrer and general denial. Appellant Estes in that court filed plea of privilege to be sued in Deaf Smith county, his residence, to which county he prayed the cause be transferred. Subject to said plea he alleged a misjoinder of parties, in that joint liability was not alleged, since the liability alleged against appellant, Estes, was upon contract, while that alleged against Qualls was breach of warranty. On the merits, he pleaded in substance that he did agree to convey the land to appellee Ferguson, and that the conveyance by Qualls to Ferguson was by his direction and in compliance with agreement between him and Qualls; that while he did not at the time know the improvements on the land were the property of Qualls' tenant, yet appellee Ferguson did and was advised that the tenant had the right to remove same, and acquired the land subject to that right. Prayer was that, if appellee Ferguson recovered of Estes, he in like manner recover against Qualls. In the justice court the plea of privilege was overruled. Upon jury trial there was verdict for appellee Ferguson against appellee Qualls, and for appellant, Estes, followed by similar judgment. Appeal was had to the county court. In that court appellee Qualls amended his answer, in which on the merits he averred, in substance, among other matters, that he conveyed said land to Ferguson for appellant, Estes, who received the consideration therefor, and that said Estes knew before he contracted to purchase said land from appellee Qualls that the improvements were the property of another, and were to be reserved and removed from the land; that the agreement between himself and Estes was that said improvements were to be reserved to the real owner, but that by accident or mistake said agreement was omitted from the written contract. There was jury trial in county court, the verdict being for appellee Ferguson against appellant Estes for $142.65. Judgment followed the verdict, and, in addition, adjudged that appellee Ferguson take nothing against appellee Qualls, and that the latter recover all costs.

The facts necessary to be stated are that Estes and Qualls agreed to an exchange of lands. The agreement was in writing, and provided, among many other matters, that the lands should be conveyed to the contracting parties or their respective orders by general warranty deeds. Concurrently with the

foregoing agreement Estes agreed to sell and Ferguson to purchase one of the tracts of land which Qualls was to convey to Estes in their exchange. This agreement was in writing, and, among other matters, provided that the conveyance should be by general warranty deed, but that Estes should not be compelled to convey to Ferguson if he failed to acquire the land from Qualls. Neither contract contained anything in reference to the ownership of the improvements upon the land, nor any reservation thereof to the proposed vendors or another. Subsequent to the foregoing Estes conveyed to Qualls the lands he agreed to exchange, and Qualls similarly conveyed his land to Estes, save the tract Estes agreed to convey to Ferguson. This tract Qualls, under his agreement with Estes, conveyed by direction of Estes to Ferguson. The improvements on said tract were the property of Qualls' son and tenant, from whom Ferguson purchased them in order to prevent them being removed. The evidence introduced upon trial was sufficient to sustain a finding that Ferguson did not know that the improvements on the land belonged to the tenant and were to be reserved. Likewise the evidence would have sustained a finding that he did know the improvements belonged to the tenant and were reserved from the conveyance. The evidence will also sustain a finding that in the negotiations between Estes and Qualls for an exchange of properties Estes was informed that the improvements belonged to the tenant, and agreed that they should be reserved, but by accident or mistake the agreement was omitted from the written contract. Likewise the evidence would sustain a finding that Estes had no information concerning the ownership of the improvements, and that it was never agreed that the same should be omitted from the contract, and that there was in that respect no accident or mistake. Prior and subsequent to filing the suit Estes resided in Deaf Smith county. During said time Qualls resided in Hill county.

[1, 2] The first contention in effect is that the judgment is void because based upon verdict that is not responsive to the issues. The basis of the contention is that the jury returned no verdict upon the claim of Estes that if Ferguson was entitled to recover judgment against him he was in turn entitled to recoup against Qualls. Appellant Estes' pleading, so far as relates to appellee Ferguson, in effect asserts that there was no agreement between them concerning the improvements, and that he did not know that the improvements in fact belonged to the tenant, but asserts that Ferguson did, and with such knowledge accepted the land; and, so far as it relates to appellee Qualls, his pleading asserts that the matter is controlled by the contract between them, which did not reserve the improvements. The pleading so standing, the court, after advising the jury of the contentions of the respective parties, instructed them, in substance, that if they believed, in view of the deed from Qualls to Ferguson, and in view of the contract between Estes and Ferguson, and in view of the oral evidence, it was the intention to convey the improvements with the land, to return verdict for Ferguson against Qualls; but if, in view of the deed, the contract, and the oral evidence it was agreed between Qualls and Estes that the improvements were to be reserved, and such agreement was by mistake omitted from the written contract, to return verdict in favor of Ferguson against Estes. It will thus be observed that the court, assuming that Ferguson was entitled in any event to recover against one of the parties, of which assumption no complaint is made, directed the jury under one phase of the evidence to find against Estes and under the other to find against Qualls. The evidence as so submitted comprehended the very facts which would entitle Estes to a judgment against Qualls on his counterclaim, and as a consequence the finding by the jury that as between Estes and Qualls the improvements had been reserved is a finding that Estes was not entitled to recoup against Qualls. Such conclusion is true because under the court's charge, which in that respect is not complained of, any claim that Ferguson knew that the improvements were reserved is eliminated, and the sole remaining issue was, who, as to him, should reimburse Ferguson for his loss? To entitle Estes to judgment over against Qualls it was necessary for the jury to find that there was no agreement between them that the improvements were reserved. Precisely that issue was submitted to the jury, who were told, if there was no such agreement, to return verdict against Qualls, but if there was, to return verdict against Estes. Verdict was against Estes, which, under the charge, was a finding that the improvements were reserved. That issue was the only issue in the case. Hence the verdict of the jury was responsive, since a finding that appellant, Estes, agreed that the improvements should be reserved was a finding against his counterclaim. The finding is supported by the evidence, and, being so, we are without authority to disturb it.

[3] Appellant, Estes, urges that the court erred in submitting the issue of mistake, as between Estes and Qualls, as a basis for appellee Ferguson's recovery. We think for reasons hereinafter stated that the issue of mistake was correctly submitted between Estes and Qualls; and, while we are inclined to think it might be argued with some reason that appellee Ferguson was entitled to a recovery against both Estes and Qualls, yet that is a matter that can be complained of only by Ferguson, and cannot form the basis of a complaint by appellant, Estes.

[4, 5] Complaint is made of the court's refusal to, in effect, peremptorily instruct the jury that there was no mistake in the contract between Estes and Qualls. The requested instruction was based upon the admission of Qualls that the provisions of the contract correctly covered the things enumerated therein, and that he had ample opportunity to examine same before signing it. In our opinion the charge was properly refused. Where terms and conditions have been by mutual mistake of the parties omitted from instruments such as contracts, etc., it is competent to show that fact and supply the omission by parol. Such we believe to be the well-settled rule. The fact that the other provisions of the contract are correct, and that the complaining party had ample opportunity to discover the omission, is not conclusive of the issue. It is at most a circumstance to be considered by the jury. A different rule, not necessary to discuss, obtains in cases where the contention is that there was a mutual mistake in reference to what was intended by what was actually incorporated in the instrument, etc.

[6] In connection with the issue raised counsel, however, further complains of the refusal of the court to allow a special charge, instructing the jury that the omission must have been due to the mutual mistake of both parties. While the court did not use the word "mutual" in his charge, and while its use would have been proper and preferable, we think the effect of his charge was the same, and that the jury so considered it, and were not misled by failure to use the term "mutual," since they were told that unless they believed it "was understood between Qualls and Estes * * * that the improvements were to be reserved, but through mistake or oversight said provision was omitted," then to find in favor of Estes.

[7] It is also contended that, notwithstanding the fact that appellant Estes' codefendant, Qualls, resided in Hill county, the former's plea of privilege to be sued in Deaf Smith county should have been sustained. The basis of the claim is that it appears from the record that appellee Ferguson's cause of action against Estes is for breach of contract, while his cause of action against appellee Qualls is for breach of warranty of title, and as a consequence the causes of action, being dissimilar, cannot serve as basis for joining Estes, a nonresident of the county, therein.

We conclude that Estes was properly joined in the suit, and that the court did not err in overruling the plea of privilege. The suit, as against Qualls, was unquestionably for a breach of warranty of title, and properly brought. The effect of the pleading, discarding the conclusions of the pleader, against Estes was that in compliance with his contract with Ferguson he procured Qualls with the consent of Ferguson to convey the land to Ferguson; Estes receiving the consideration. Thus the contract to convey was satisfied by the joint acts of Qualls and Estes, and the liability asserted obviously was not due to any breach of the contract to convey the land, for the conveyance had been made, but due to breach of warranty concerning ownership of the improvements on the land conveyed by the joint act of Estes and Qualls. The fourth subdivision of article 1830, Vernon's Sayles' Civil Statutes, provides, in substance, that suits against two or more defendants may be maintained in the county of the residence of any of the defendants. The generally applied test to determine the right of the plaintiff to maintain his action under that subdivision is whether the defendant sued out of the county of his residence is a proper or necessary party. It occurs to us that Estes in this proceeding was both. He was a proper party because, while the deed was from and the warranty by Qualls, he made the conveyance for and in the interest of Estes, to whom the consideration was paid; and he was a necessary party in order that the rights and equities of the parties under the facts surrounding the conveyance might be adjusted in one suit.

Finding no reversible error in the record, the judgment is affirmed.